UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cr-00046-MOC-DSC

| | |
|---|---|
| USA ) | |
| ) | |
| ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| JIMMY WARD, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Defendant's Pro Se Motion to Reduce Sentence Pursuant to USSC Amendment 821. (Doc. No. 25). The Government has filed a response in opposition. (Doc. No. 29). Because Defendant is not eligible for a sentence reduction under Amendment 821, the Court will deny the motion.

**I.      Background**

In June of 2017, Defendant sold more than 114 grams of nearly pure methamphetamine to an undercover police officer. (Doc. No. 20 ¶¶ 11–12). When Defendant committed these offenses, he had previously been convicted of numerous offenses, including drug-trafficking, theft, firearm, and violent offenses. (Id. ¶¶ 32–62). A federal grand jury indicted Defendant and charged him with two counts of distributing and possessing with intent to distribute methamphetamine. (Doc. No. 3). Defendant entered into a plea agreement with the United States and pleaded guilty to the drug-trafficking offense involving at least 50 grams of methamphetamine. (Doc. No. 16; Doc. No. 20 ¶ 2).

This Court's probation office submitted a presentence report and calculated a total offense level of 27 and a criminal-history category of VI. (Doc. No. 20 ¶¶ 28, 64). The probation

1

office assessed Defendant 30 criminal-history points based on his prior convictions. (Id. ¶ 63). The Sentencing Guidelines advised a sentence of between 130 and 162 months in prison. (Id. ¶ 108). This Court sentenced Defendant to 130 months in prison "to run concurrently to the remainder of the undischarged term of imprisonment imposed for state charges." (Doc. No. 22 at 2). Defendant now asks this Court whether he qualifies for a reduced sentence under an "[a]mendment to [the] Sentencing Guidelines that [be]came effective Nov[ember] 1, 2023." (Doc. No. 25).

**II.     Legal Standard**

Amendment 821 to the Sentencing Guidelines made two changes to chapter 4 of the Sentencing Guidelines related to a defendant's criminal history. See U.S.S.G. amend. 821. The Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under 18 U.S.C. § 3582(c)(2). U.S.S.G. amend. 825; see U.S.S.G. § 1B1.10(d).

Part A of the amendment alters Sentencing Guidelines § 4A1.1 to strike the two status points previously assessed under § 4A1.1(d) for defendants who committed their offense while under any criminal-justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. Id. pt. A. Part A adds a new subsection (e) that adds one criminal-history point for any defendant who receives 7 or more points and who committed his offense while under any criminal-justice sentence as described above. Id.

Part B, Subpart 1, of Amendment 821 adds a new guideline provision to chapter four, U.S.S.G. § 4C1.1. This new guideline authorizes a two-offense-level decrease for certain defendants who have zero criminal-history points. U.S.S.G. amend. 821 pt. B. A defendant is not eligible for this reduction if (1) he received a terrorism adjustment under U.S.S.G. § 3A1.4; (2)

2

Case 3:18-cr-00046-MOC-DSC   Document 30   Filed 05/14/24   Page 2 of 4

he used violence or credible threats of violence in connection with his offense; (3) the offense resulted in death or serious bodily injury; (4) the offense was a sex offense; (5) he personally caused substantial financial hardship; (6) he possessed, received, purchased, transported, transferred, sold, or otherwise disposed of a firearm or other dangerous weapon in connection with the offense; (7) the offense was an offense involving individual rights covered by U.S.S.G. 2H1.1; (8) he received a hate-crime-motivation or vulnerable-victim adjustment, U.S.S.G. § 3A1.1; (9) he was convicted of a serious-human-rights offense, U.S.S.G. § 3A1.5; (10) he received an aggravating-role adjustment, U.S.S.G. § 3B1.1; or (11) he was engaged in a continuing criminal enterprise as defined in 18 U.S.C. § 848. Id.

For defendants who meet the requirements of Amendment 821, Sentencing Guidelines § 1B1.10 governs eligibility for a sentence reduction. Section 1B1.10(a)(1) authorizes a district court generally to reduce a defendant's sentence in any case in which a defendant is serving a term of imprisonment and the guideline range applicable to the defendant "has subsequently been lowered as a result" of a retroactively applicable amendment to the Guidelines." A defendant is not eligible for a sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). A court is limited to a reduction to the bottom of the amended guideline range, after calculating the range that would have applied had the guideline amendment been in effect when the defendant was sentenced. Id. § 1B1.10(b)(2). In calculating the amended range, "the court shall substitute only" the retroactively applicable guideline amendment and "leave all other guideline application decisions unaffected." Id. § 1B1.10(b)(1). If the defendant received a sentence below the applicable guideline range based on a motion filed by the United States for substantial assistance, the court may reduce the defendant's sentence to a term "comparably less

3

than the amended guideline range." Id. § 1B1.10(b)(2)(B). Under no circumstances shall a defendant's sentence be reduced to a term less than the term he has already served. Id. § 1B1.10(b)(2)(C)).

### III. Analysis

Defendant is not eligible for a reduction in his sentence. The probation office did not assess him points because he committed his offense while under a criminal-justice sentence, as required for eligibility under Part A of Amendment 821. And Defendant was assessed 30 criminal-history points for his prior convictions, well above the zero criminal-history points required for eligibility for a reduction under Part B, Subpart 1, of Amendment 821. Because Defendant has not shown that he is eligible for a sentence reduction, this Court denies his motion.

### ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Pro Se Motion to Reduce Sentence Pursuant to USSC Amendment 821 (Doc. No. 25) is **DENIED**.

*[Signature]*

Max O. Cogburn Jr.
United States District Judge